HOWARD CONKLING, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and Another, Appellants.

*Deed from commissioners in partition and possession thereunder — presumptive evidence of title — irregularity in the proceedings for partition — execution of a power and its effect.*

A deed from commissioners claiming to be appointed under a will partitioning certain real estate, and evidence of possession thereunder for over twenty years, are sufficient to create at least presumptive evidence of title to such real estate.

Whether there is any power to partition or not, when an actual partition of real estate has been made and the parties have received deeds thereof and have acted thereon, such partition will be held valid and effectual even though there are some irregularities in the proceedings for partition.

Upon the execution of a power contained in a will the devise takes effect as though it was contained in the will conferring the power, and is not deemed to descend by virtue of the appointment contained in a will executed pursuant to a power of appointment contained in a previous will.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of August, 1893, upon the decision of the court after a trial at the New York Special Term.

*R. L. Maynard,* for the appellants.

*E. C. Perkins,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to restrain the defendants from the maintenance and operation of their elevated railroad in front of the plaintiff's premises, No. 274 Third avenue, and also to obtain past damages. The court awarded judgment for past damages and also for fee damages, with an injunction in the alternative.

The defendants appeal from this judgment, and allege error in that the plaintiff failed to show that the fee of the property in question was vested solely in him, and that he could not give a good title to the easements interfered with by defendants in return for the alternative sum which the defendants were directed by the judgment to pay; and, also, that the plaintiff failed to show any substantial injury to the fee of the property involved in this action.

The first objection mentioned is based upon the claim that there was no proper partition of the property amongst the parties who became interested by the appointment made in the will of one Catherine L. Wolfe. The premises in question were part of the estate of Peter Lorillard, who died on the 23d of May, 1843, in possession thereof, leaving a last will and testament, dated the 24th of February, 1843. By this will Peter Lorillard directed his residuary real estate to be divided into five shares, one of which he devised absolutely to his daughter, Dorothea A. L. Wolfe, with full power to grant and devise the same without the concurrence of her husband. The testator also empowered his executors to appoint commissioners to divide and partition the residuary estate. Such commissioners were duly appointed and made such division by deed dated July 1, 1843, and the premises in question with others were thereby conveyed to Dorothea A. L. Wolfe. Dorothea A. L. Wolfe died in possession of the premises in question, leaving a last will and testament bearing date the 27th of June, 1865, which will was duly admitted to probate and recorded on the 12th of June, 1866. By the third clause of her will the said Dorothea A. L. Wolfe devised to trustees all the real estate devised to her by her father in fee, for the benefit of her husband and daughter during their lives, and that of the survivor, giving to the daughter power to appoint the said real estate to and among her descendants, if any, in such lawful manner or proportions as she might think proper, and in default of such appointment the said Dorothea A. L. Wolfe devised said estate to the descendants of her said daughter. The said will further provided that in case of the decease of the testatrix's daughter without leaving issue her surviving, said real estate should go to her nephews and nieces, children of her brothers and sisters living at her daughter's decease, as tenants in common in equal shares. But by said will the daughter was authorized and empowered, nevertheless, in the event of her so dying leaving no child or other descendant, to limit and appoint said real estate by will executed without the concurrence of any husband to and among the descendants of the brothers and sisters of said testatrix in such manner and in such proportions as her said daughter in her discretion might think proper.

The said will further provided as follows: "And should the

said trust estate, upon the termination of said trusts, go or belong, under the provisions of this my will, to more than one person, then I empower and direct the said trustees to cause an equitable partition thereof to be made, under their direction, to and among the parties so entitled ; and for that purpose do nominate and appoint, under their hands and seals, three suitable persons " as commissioners to appraise, allot and set apart, in such manner as may be just and equitable, the respective shares of such estate to the parties entitled thereto.

Catherine L. Wolfe, the daughter of the testatrix referred to in the above will, died in 1887, never having been married, leaving a last will and testament, bearing date the 14th of February, 1884, and a codicil bearing date the 24th of March, 1885, which were duly admitted to probate. By this will Catherine L. Wolfe appointed the estate, real and personal, held in trust pursuant to the provisions of her mother's will, to certain nephews and nieces, and the surviving children of a deceased niece, and a deceased nephew of Dorothea A. L. Wolfe, upon the death of said Catherine L. Wolfe. The persons acting as trustees under the will of Dorothea A. L. Wolfe appointed commissioners, who partitioned the real estate which had been held in trust for said Catherine under the third clause of the will of said Dorothea A. L. Wolfe, between the devisees and appointees thereof under the will of Catherine L. Wolfe, and deeds were executed conveying the shares to the persons to whom they were allotted, and the grantees in said deeds went into possession of the same. The premises in question were allotted to Alfred R. Conkling, Howard Conkling and Laura R. Conkling, as tenants in common, and subsequently said Alfred R. Conkling and Laura R. Conkling conveyed the premises in question to the plaintiff.

It is urged that there is no proof that commissioners were appointed under the will of Peter Lorillard, the former owner, and that if Dorothea A. L. Wolfe ever secured title she vested the right to devise the same in her daughter, subject to conditions, the chief being that it should eventually go to the children of her brothers and sisters ; that Catherine L. Wolfe devised the property to her cousins, but there is no proof that some of them were not children of her father's brothers and sisters, and that the partition of the property was made by commissioners appointed under the will of

her mother, Dorothea A. L. Wolfe, such appointment being void since the power vested in Catherine L. Wolfe, the daughter, was exercised by her, and that there was no proof that there were not other children of the brothers and sisters who did not share in this partition, and who have not released their rights in this property to the plaintiff, and that no releases or quit claims were given by any of the devisees taking under either will to the property involved in this action.

As far as the objection in reference to the failure of evidence as to whether the cousins were the children of the brothers and sisters of Dorothea A. L. Wolfe, or of her husband, is concerned, it does not appear from the record that any such objection was raised upon the trial, or any attention called to this defect of proof, which might then easily have been supplied, and it cannot now be urged at the General Term for the first time.

As to the objection that there is no proof that commissioners were appointed under the will of Peter Lorillard, it is sufficient to say that a deed from commissioners claiming to be appointed under the will of Peter Lorillard was offered in evidence, and it appeared that possession had been had of the premises under such partition from 1843 down to the death of Dorothea A. L. Wolfe, which was sufficient to establish, at least, presumptive evidence of title.

The objection to the deed in the last partition does not seem to be well taken. The commissioners were properly appointed under the will of Dorothea A. L. Wolfe. The property devised descended under the will of Dorothea A. L. Wolfe, although the appointment to the particular devisees was made in the will of Catherine L. Wolfe, pursuant to a power conferred by the will of her mother. It is a familiar principle that upon the execution of a power the devise takes effect as though it was contained in the will containing the power, and it is not deemed to descend by virtue of the appointment contained in a will executed pursuant to a power of appointment contained in a previous will.

And, furthermore, it may be said that whether there was any power to partition or not, it appearing from the evidence that this partition had been made, that the parties had received their deeds and that it had been acted upon, it would be held valid and effectual even though there were some irregularities in the proceedings for

partition, which, however, we do not by any means intend to assert. It would seem, therefore, that the plaintiff had acquired a good title to the premises in question and was entitled to maintain this action for the interference with the easements which were appurtenant thereto.

In respect to the damages which have been awarded by the court below, we see no reason to interfere with the conclusion arrived at. It is true that various findings were refused by the court, but we think all the findings the defendant could demand have been found by the court, and there is no reason for disturbing the judgment.

Judgment should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.